UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Cora Sue Bell,

    Plaintiff,

v.

Weltman, Weinberg
& Reis Co., L.P.A., *et al.*,

    Defendants.

Case No. 1:16cv685

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on Defendants' Motion to Stay or, Alternatively, for an Extension of Time to Plead. (Doc. 9). Plaintiff has filed a Response in Opposition (Doc. 14) and Defendants filed a Reply (Doc. 16).

### I. BACKGROUND

Plaintiff, Cora Bell, brings this action against Defendants, Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"), Jeffrey Sobeck, Sara Donnersbach and Embassy Healthcare ("Embassy"), asserting three claims for damages under (1) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), (2) the "Equal Credit Opportunity" provision of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1691 *et seq.* and Regulation B, 12 C.F.R. § 1002.1 *et seq.* ("ECOA") for using Ohio's necessaries statute to impose liability on a spouse, and (3) for violations of the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.* ("OCSPA"). (Doc. 1).

Plaintiff's claims before this Court ("Federal Action") stem from proceedings in *Embassy Healthcare dba Carlisle Manor Healthcare v. Cora Sue Bell*, Franklin

Municipal Court Case No. 15-07-CVF-0275, which is currently on appeal to the Twelfth Appellate District of Ohio ("Ohio Action").

Originally, Defendant Weltman on behalf of Defendant Embassy, brought suit against Ms. Bell alleging under Ohio Revised Code § 3103.03 that she owed $1,678.00 for necessary medical expenses that Embassy provided to her husband before his death. (Doc. 9, PageID 50). The Ohio Action involves the application of Ohio Revised Code § 2117.06 to Embassy's claims against Ms. Bell pursuant to Ohio's necessaries statute, Ohio Revised Code § 3103.03. (Doc 9-1, PageID 55). In ruling on Ms. Bell's motion for summary judgment, the state court interpreted Ohio Revised Code § 2117.06 to be a specific provision, and held that it controlled the disposition of the case. (Id. at 56). The court stated "[Ms. Bell] is not jointly and severally liable for her deceased husband's obligation. The debt to [Embassy] was that of Mr. Bell which became part of his estate by operation of law at the time of his death. O.R.C. 2117.06 provides specific procedures for [Embassy] to follow in order to preserve its claim. [Embassy] did not follow those procedures." (Id.) The court explained that the failure "to comply with O.R.C. 2117.06 prior to pursuing [Ms. Bell] pursuant to O.R.C. 3103.03 is a bar to maintaining the instant action." (Id. at 57). Therefore, the court granted Ms. Bell's motion for summary judgment. (Id.) Defendants timely appealed the decision to the Twelfth Appellate District of Ohio, where the case is currently pending adjudication. (Id. at 58).

Ms. Bell filed the Federal Action on June 24, 2016 alleging three claims. (Doc 1). Her first claim is against Defendants, Weltman, Sobeck, and Donnersbach, for violating the FDCPA for suing Plaintiff on a debt barred by the applicable statute of limitations.

(Doc. 1, PageID 4).  Her second claim is against all Defendants for violating the ECOA by attempting to impose liability upon her for her spouse's debt.  She also alleges that the ECOA preempts O.R.C. 3103.03(C).  (Doc. 1, PageID 6).  Finally, her third claim is against all Defendants for violating the OCSPA for unfair and deceptive acts or practices.  (Doc. 1, PageID 6-7).

In their Motion to Stay, Defendants seek to stay the Federal Action pending adjudication of the Ohio Action.  (Doc. 9).  In the alternative, Defendants request an order extending the time to plead or otherwise respond to the complaint under Fed. R. Civ. P. 6(b)(1)(A) and S.D. Ohio Civ. R. 6.1.

I. **ANALYSIS**

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892, 195 L. Ed. 2d 161 (2016) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).  Accordingly, a court has inherent authority to stay proceedings pending the resolution of the same or related issues in another forum.  *Hill v. Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).  In determining whether it is appropriate to stay litigation, a court should weigh the following factors: "the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F.Supp.2d 829, 831 (N.D.Ohio 2004) (citing *Landis*, 299 U.S. at 255).

Here, the Federal Action is based on the ruling in the Ohio Action that Embassy's

claim against Ms. Bell is barred because Embassy failed to seek payment from Mr. Bell's estate within the proscribed statutory requirements of Ohio Revised Code § 2117.06. The Ohio Action is currently pending appeal in the Twelfth Appellate District of Ohio. If Embassy prevails on appeal, that ruling could have a dispositive effect on the Federal Action. *Accord Carroll v. Wilson McColl & Rasmussen, Attorneys at Law*, Case No. CV 08-22-CWD, 2009 U.S. Dist. LEXIS 9170, 2009 WL 315610, at *2 (D. Idaho Feb. 9, 2009) (granting motion to stay federal litigation where resolution of issues before state court would impact plaintiff's FDCPA and state law consumer protection claims). Therefore, this factor favors staying the Federal Action.

Similarly, judicial economy is best served by staying the Federal Action. The legal and factual issues on appeal in the Ohio Action have a substantial overlap with the claims in the Federal Action. Judicial economy is served by waiting on a dispositive decision in the Ohio Action. Therefore this factor favors staying the Federal Action.

The Court finds that based on the record before it, the public welfare is not a factor in the decision to stay this matter.

As to the final factor, the Court notes that Plaintiff's response mentions that Ms. Bell is elderly and a delay could prejudice her case. (Doc. 14, PageID 66). However, the Court finds that the potential risk of prejudice or hardship to Ms. Bell is outweighed by the dispositive effect of the Ohio Action.

Plaintiff also argues that the Ohio Action cannot provide her complete relief because she is seeking a ruling from this Court on a federal question: whether the ECOA preempts O.R.C. § 3103.03. (Doc. 14, PageID 67). Plaintiff raises the issue of complete relief as a factor in the abstention analysis of *Colorado River Water*

*Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). However, the Ohio Action and the Federal Action are not parallel proceedings. The Ohio Action centers on whether a debt is owed by Ms. Bell, and the Federal Action stems from the collection of that debt.[1] Therefore, an abstention analysis is inapplicable.

## II. CONCLUSION

Based on the foregoing, Defendants' Motion to Stay or, Alternatively, for an Extension of Time to Plead (Doc. 9) is **GRANTED**. This matter is **STAYED** pending resolution of the appeal in *Embassy Healthcare dba Carlisle Manor Healthcare v. Cora Sue Bell*, Franklin Municipal Court Case No. 15-07-CVF-0275. The parties shall notify the Court within **fourteen (14) days** of the resolution of that appeal.

**IT IS SO ORDERED.**

                                           */s/ Michael R. Barrett*
                                           JUDGE MICHAEL R. BARRETT

---

[1] Moreover, the court in the Ohio Action found that O.R.C. § 3103.03 was not controlling. (Doc. 9-1, PageID 56-57).